# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| EBONY McGEE, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CONCENTRA HEALTH SERVICES, INC., )<br>)<br>Defendant. ) | No. 12-CV-1277-W-DGK |

## ORDER APPROVING FLSA SETTLEMENT, ATTORNEYS' FEES, AND COSTS

This is a wage and hour violation case in which four plaintiffs are suing Concentra Health Services, Inc. ("Concentra") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. Plaintiffs Ebony McGee ("McGee"), Ivy Brewer ("Brewer"), Roxanne A. Clopp ("Clopp"), and Taela McCullough ("McCullough") allege that Concentra automatically punched them out of its time-keeping system for half an hour each workday whether or not Plaintiffs performed compensable work during that time. Concentra denies the allegations.

Now before the Court are two joint motions: one to approve their settlement of the FLSA claims (Doc. 37) and one to award attorneys' fees and costs (Doc. 39). The Court previously withheld ruling on these motions until the parties sufficiently supplemented the record (Doc. 42). The parties having now done so, the motions are GRANTED.

### Background and Summary of the Proposed Settlement

The four Plaintiffs all worked at Concentra's Kansas City, Kansas urgent care facility. McGee has worked as a medical assistant/lead office specialist since at least January 2012. Brewer worked as a licensed practical nurse from September 12, 2011, until October 31, 2012.

Clopp has worked for Concentra since June 7, 2010, as a radiological technologist. McCullough has worked for Concentra since January 3, 2012, as a front office specialist.

From approximately January 2012 through June 2012, Concentra automatically punched Plaintiffs out of its timekeeping system from 12:00pm until 12:30pm regardless of whether they performed compensable work during that time. Thus, Plaintiffs claim overtime compensation for these half-hour periods.

McGee sued in October 2012, and made no collective action allegations. The other three Plaintiffs became involved in this litigation only after filing Consent to Become a Party Plaintiff forms in November 2012. The Court has since added them as parties.

Concentra has denied the allegations. It believes that Plaintiffs took bona fide, uninterrupted meal breaks that were not legally compensable. However, Concentra recognizes the potential costs, disruption, and uncertainty associated with continuing to defend this lawsuit, and so has agreed to resolve Plaintiffs' claims.

Accordingly, all parties signed a Settlement Agreement and Release of Claims ("Settlement") (Doc. 42, at 8–23). Under the Settlement, Concentra will pay each of the four Plaintiffs $5,000.00. The parties arrived at this figure by considering that Plaintiffs made claims for overtime pay for six months of work. Assuming that Plaintiffs went uncompensated for five thirty-minute meal periods per week, the parties estimated that each Plaintiff was owed approximately sixty hours of overtime compensation. That amount was multiplied by Plaintiffs' average overtime pay rate of $22.875 per hour. Finally, that amount ($1372.50 per Plaintiff) was increased to $5,000.00 to account for potential liquidated damages and to avoid the costs and uncertainty of continued litigation.

Of that $5,000.00 amount, $2,500.00 is payment of the alleged unpaid wages, and is thus subject to payroll withholdings. The remaining $2,500.00 is liquidated damages not subject to payroll withholdings. The Settlement awards will be paid to Plaintiffs' counsel within thirty days of the Court entering final approval. Additionally, Concentra will pay Plaintiffs' counsel $27,500.00 in attorneys' fees.

In exchange, Plaintiffs agree to release Concentra from further liability. Plaintiffs agree that the settlement is not an admission of liability on Concentra's part, and that they are not prevailing parties under any fee-shifting law. Plaintiffs must dismiss the lawsuit within three business days of the Court entering final approval. Finally, Plaintiffs agree not to disparage Concentra or make comments that may be considered detrimental to Concentra's reputation or goodwill.

The parties now seek judicial approval of the Settlement.

## Discussion

A valid settlement of an FLSA claim requires Department of Labor or court approval. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing 29 U.S.C. § 216(c); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946)). To approve an FLSA settlement under 29 U.S.C. § 216(b), the court must find that: "(1) the litigation involves a bona fide wage and hour dispute; (2) the proposed settlement is fair and equitable to all parties concerned; and (3) the proposed settlement contains an award of reasonable attorneys' fees." *Hill v. World Wide Tech. Holding Co.*, No. 11-CV-2108-AGF, 2012 WL 5285927, at *1 (E.D. Mo. Oct. 25, 2012). The Court finds all three satisfied here, and so approves the Settlement.

To satisfy the first element, the existence of a bona fide dispute, the parties should provide the district court with the following information:

> (1) a description of the nature of the dispute (for example, a disagreement over coverage, exemption or computation of hours worked or rate of pay); (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage.

*Gambrell v. Weber Carpet, Inc.*, No. 10-CV-2131-KHV, 2012 WL 162403, at *3 (D. Kan. Jan 19, 2012).

McGee's dispute with Concentra is a bona fide wage and hour dispute. Plaintiffs allege, and Concentra denies, that Concentra's timekeeping policies deprived Plaintiffs of overtime pay for time worked during meal breaks and that these policies were willful so as to support an award of liquidated damages. The parties have explained the nature of these timekeeping policies, how McGee was subject to them, and why Plaintiffs believe that the policies constitute an FLSA violation. The parties have explained how they calculated the wages owed to each Plaintiff, and the final sum offered to Plaintiffs is over three times that amount. Finally, Concentra has indicated why it disputes Plaintiffs' claimed right to overtime pay. The Court finds a bona fide dispute here.

To satisfy the second element, the fairness and equitableness of the proposed settlement, courts consider many of the same factors used in evaluating a proposed Rule 23 class action settlement, including:

> (1) at what stage of the litigation the settlement was reached, and the complexity, expense, and likely duration of the remaining litigation; (2) how the settlement was negotiated, i.e., whether there are any indicia of collusion; (3) class counsel, the parties, and the class members' opinions about the settlement; and (4) whether the present value of the settlement outweighs the potential recovery after continued litigation.

*Sanderson v. Unilever Supply Chain, Inc.*, No. 4:10-CV-0775-FJG, 2011 WL 5822413, at *2 (W.D. Mo. Nov. 16, 2011).

The Court believes the proposed settlement is fair and equitable to all parties. The Settlement bears no indicia of collusion and reflects substantial negotiations. All parties endorse this Settlement. The parties have explained that the value of the unpaid wages claimed by each Plaintiff is $1,375.50. They also explain that they more than tripled this amount to $5,000.00, to account for Plaintiffs' possible liquidated damages recovery after a trial.

Third, the attorneys' fees and costs appear reasonable. Previously, the Court tentatively expressed support for granting the parties' motion to approve attorneys' fees and costs (Doc. 42). Because the Court now finds that the underlying Settlement is acceptable, and for the reasons stated in the previous order, the motion for attorneys' fees and costs is GRANTED.

## Conclusion

For the reasons discussed above, the parties' joint motions (Docs. 37, 39) are GRANTED. This case is dismissed with prejudice.

**IT IS SO ORDERED.**

Date: January 5, 2015  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT